## VINCENT v. THE CITY OF CINCINNATI.

*Constitutional law—Municipal corporations—Regulation of plumbing business—Licensing of plumbers.*

Municipalities may regulate by ordinance the business of plumbing, and to that end may require persons to secure plumbers' licenses or permits before working at such trade.

(Decided December 18, 1922.)

ERROR: Court of Appeals for Hamilton county.

*Mr. Wm. Thorndyke,* for plaintiff in error.

*Mr. Saul Zielonka,* city solicitor, and *Mr. Max M. Schiff,* assistant city solicitor, for defendant in error.

BY THE COURT. Walter B. Vincent was arrested for doing plumbing work without a permit, and was fined twenty-five dollars and costs. He now seeks to avoid that sentence by contending that the ordinance under which he was convicted is unlawful.

Two questions are presented. One is the regularity of the affidavit, and the other is the validity of the ordinance.

The affidavit was signed "John Schneider, Deputy Plumbing Inspector." A signature of this character has been so many times held to be *descriptio personae* that it is not necessary to again cite authorities on this question.

The main contention made with reference to the ordinance is that it is class legislation, in this, that partnerships and corporations are allowed to take

out licenses. That question is not properly presented in this case. The only question here is whether or not Vincent had a right to do plumbing without first complying with the ordinance.

In the absence of a bill of exceptions, the case is presented as to the validity of the ordinance. There is no claim that any partnership or corporation is in any way interested in this litigation. Can the municipality enforce an ordinance of this character against an individual? On this subject, the Supreme Court of Ohio, in proposition two of the syllabus of *State* v. *Gardner*, 58 Ohio St., 599, holds:

"The business of plumbing is one which is so nearly related to the public health that it may, with propriety, be regulated by law, and reasonable regulations, tending to protect the public against the dangers of careless and inefficient work, and appropriate to that end, do not infringe any constitutional right of the citizen pursuing such calling."

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.